IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 4:16-cr-122-ALM-CAN-1 |
| KENDRICK JEREMIAH YOUNG | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Judge referred the matter to the undersigned for a report and recommendation, the Court conducted a hearing on October 28, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Assistant United States Attorney Marisa Miller.

On October 4, 2017, United States District Judge Marcia A. Crone sentenced Defendant to twenty-seven (27) months' imprisonment as to counts 1 and 2 to run concurrently; twenty-four (24) months' imprisonment as to count 10 to run consecutively with counts 1 and 2; and five (5) years of supervised release as to count 1, three (3) years as to count 2, and one (1) year as to count ten, ordered to run concurrently. Defendant was also sentenced to pay restitution in the amount of $14,199.93 and a special assessment of $100.00. Defendant completed his period of imprisonment and began his period of supervised release on September 25, 2019. On October 25, 2019, this case was reassigned to United States District Judge Amos L. Mazzant, III. On September 24, 2020, the term of supervised release as to count ten expired.

On June 23, 2021, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 184). The Petition alleges Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state, or

local crime; (2) Defendant must notify the probation officer at least ten days before changing his residence, or within seventy-two hours of becoming aware of the change if advance notice is not possible due to unanticipated circumstances; (3) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity and must receive prior permission from the probation officer to knowingly communicate or interact with someone who has been convicted of a felony; (4) Defendant must notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (5) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged; and (6) Defendant must pay restitution, jointly and severally with his codefendants, in the amount of $14,199.93, on a monthly basis at a rate of at least 10% of Defendant's gross income.

The Petition asserts that Defendant violated the foregoing conditions:

- On December 15, 2019, Defendant was arrested by the Richardson Police Department for Fraudulent Possession/Use of Credit Card or Debit Card Information, a third-degree felony. On April 28, 2021, Defendant entered a plea of guilty (no contest).

- On December 31, 2020, Defendant rented a vehicle from a U-Haul in Plano, Texas, but did not return the vehicle when due. The card used to rent the vehicle declined payment. U-Haul made numerous attempts to contact Defendant to obtain the vehicle or a valid form of payment, but U-Haul's attempts were unsuccessful. On March 9, 2021, the Collin County Sheriff's Office issued a warrant against Defendant for Theft of Services, $750–$2,500, a class A misdemeanor. Defendant posted bond on April 28, 2021, but this case has not yet been filed in state court.

- Defendant changed his residence in January 2021, but did not notify the Probation Officer until March 23, 2021.

- Defendant was arrested on December 15, 2019, in the company of two convicted felons, Aric Dion Hunt and Montrell Davon Amey. At that time, Mr. Hunt was charged with felony possession of methamphetamine and heroin. Defendant did not obtain prior permission from his probation officer to interact with Mr. Hunt or Mr. Amey, as required.

- On February 5, 2021, Defendant was contacted by the Carrollton Police Department concerning a traffic violation, but he did not notify his probation officer within seventy-two hours, as required.

- Defendant failed to report for drug testing on the following dates: July 2, 2020; September 26, 2020; October 3, 2020; December 19, 2020; January 16, 2021; January 30, 2021; and May 5, 2021.

- Defendant has not paid toward the restitution balance since September 25, 2020. The outstanding restitution balance, as of the date of the Petition, was $10,296.

At the October 28, 2021 hearing, Defendant entered a plea of true as to allegations 1, 3, 4, 5, and 6, consented to revocation of his supervised release, and waived his right to file objections with the District Judge. *See* Dkt. 198. The Government moved to dismiss allegation 2, which the Court granted. Overall, the Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the October 28, 2021 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, to run consecutively from any sentence imposed upon Defendant by the State of Texas and concurrently with Defendant's supervised release as to counts 1 and 2, followed by an additional twenty-four (24) months of supervised release under the same conditions previously imposed.

**So ORDERED and SIGNED this 1st day of November, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE