IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § |
| v. | § CRIMINAL NO. 4:16-CR-122-ALM-AGD-1 <br> § <br> § |
| KENDRICK JEREMIAH YOUNG (1) | § <br> § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on January 29, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Sean Taylor.

On October 4, 2017, United States District Judge Marcia A. Crone sentenced Defendant to a term of twenty-seven (27) months imprisonment as to Counts one and two, to run concurrently with each other, and twenty-four (24) months imprisonment as to Count ten, to be served consecutively with Counts one and two, for a total of fifty-one (51) months imprisonment followed by five (5) years of supervised release. *See* Dkt. 173 at 1–3. On September 25, 2019, Defendant completed his term of imprisonment and began serving his term of supervised release. *See* Dkt. 184 at 1. On November 10, 2021, Defendant's term of supervision was revoked, and he was sentenced to ten (10) months of imprisonment as to Counts one and two, to run concurrently with each other, followed by twenty-four (24) months of supervised release. *See* Dkt. 201 at 1–2. On July 28, 2023, Defendant began serving his second term of supervised release. *See* Dkt. 264 at 1.

1

On September 6, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 264), alleging Defendant violated two conditions of his supervised release. *Id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; and (2) Defendant shall not communicate or interact with someone he knows is engaged in criminal activity without first obtaining permission from the Probation Officer. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On August 17, 2023, Defendant was arrested by the McKinney Police Department for False Statement to Obtain Property or Credit, a Third Degree Felony; and Fraudulent Use or Possession of Identifying Information, a State Jail Felony. He was also arrested on a Plano Police Department warrant for the offense of Failure to Maintain Financial Responsibility. No formal charges have been filed, but these matters remain pending in Collin County, Texas. Defendant remains in custody at the Collin County Jail and there is a $20,000 bond, with conditions, available for each felony offense. Additionally, a $446 cash bond is available for the other offense noted above.

According to the offense report, Defendant attempted to purchase a vehicle from Wells Auto Group in McKinney, Texas, using false information. He completed the purchasing documents under the name Jordan Carroll, and he was in possession of a paper identification and Visa credit card belonging to Mr. Carroll. The vehicle that Defendant attempted to finance based on fraudulent representations was valued at $49,585.00.

According to Defendant's statement to the arresting officer, he engaged in the unlawful activity because he was bullied by someone living in his apartment complex due to owing him money.

On August 18, 2023, Mr. Carroll was contacted by the McKinney Police Department, and he provided a statement advising that he did not give anyone permission to have his personal information nor his Visa credit card. He also said there had been fraudulent charges in the past four days totaling between $400 and $600.

(2) On the date of the arrest noted above, Defendant was with an individual named Miguel Orozco, a convicted felon, who officers discovered had an active warrant for a parole violation out of the Austin Parole Division. Defendant had not previously obtained permission to associate with this individual.

On January 29, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for January 29, 2024. Defendant entered a plea of true to allegation two, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 274. The Government moved to withdraw allegation one, which the Court granted. *See* Minute Entry for January 29, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 29, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months as to Counts one and two, to be served consecutively with each other and any other term of imprisonment, with no term of supervised release to follow. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 30th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE